STOKER, Judge.
MOTION TO DISMISS
An ex proprio motu order was issued herein by the court directing appellant, Mathieu Drilling Company, Inc., to show cause why this appeal should not be dismissed for failure to timely file the appeal.
Appellant, Mathieu Drilling, instituted this action against Skytop Rig Company seeking the issuance of a preliminary injunction and permanent injunction and, in the alternative, a writ of sequestration directing defendant to return a mud pump which defendant had repaired. On October 2, 1979, the trial court issued an order directing defendant to show cause why a preliminary injunction should not issue ordering defendant to return the mud pump.
In response to the order to show cause, defendant filed a peremptory exception of no cause of action and a declinatory exception of lack of jurisdiction. Following a hearing on the motion for preliminary injunction, the trial court rendered judgment on October 9, 1979, rejecting plaintiff’s demand for preliminary injunction. Plaintiff filed a motion for appeal November 5, 1979.
C.C.P. Article 3612 provides, in pertinent part, “An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment.”
Appellant filed his motion for appeal November 5,1979, well after the expiration of the 15 day period. His appeal from the judgment rejecting his demand for preliminary injunction is untimely.
However, appellant contends that the trial court also dismissed his demand for a permanent injunction and a writ of sequestration. In support of this contention, ap-pellánt points to the following colloquy which occurred between the trial judge and plaintiff’s counsel at the hearing on the preliminary injunction:
“MR. LAMOTHE: Is Your Honor ruling on the permanent injunction as well as the preliminary injunction?
“THE COURT: Yes sir, the Court is going to because the Court feels that if it does not have jurisdiction and that this is an improper vehicle for a preliminary injunction, certainly the Court could not go the next step and enter a permanent injunction which would have the same effect of extending a preliminary injunction. A permanent injunction has to follow a preliminary injunction, and certainly, if the rules that this Court understands .the game is played by would not allow me to grant a preliminary injunction, certainly it would not not allow me to grant a permanent injunction for the same reasons.
“Accordingly, the relief sought will be denied and the entirety of the matter would be dismissed at plaintiff’s costs.
Although the trial judge indicated that he could not grant the permanent injunction; it is clear that the judgment rendered and signed by the trial judge only dismissed plaintiff’s demand for a preliminary injunction. No hearing has been held and no judgment has been rendered as to plaintiff’s demand for a permanent injunction. Absent a signed judgment dismissing plaintiff’s demand for a permanent injunction, any appeal relating to plaintiff’s demand for a permanent injunction would be premature.
Accordingly, since appellant’s appeal from the judgment rejecting his demand for preliminary injunction was perfected untimely, the appeal is dismissed at appellant’s cost.

DISMISSED.